## 10634.

EX PARTE SEASE, *IN RE.* SOUTHERN. COTTON OIL CO. v. SEASE (TWO CASES)

(107 S. E. 910 )

JUDGMENT—DEFENDANT HELD NOT TO HAVE BEEN DILIGENT IN FILING MOTION TO VACATE.—Where defendant negligently permitted judgment to be recovered by default by erroneously stating to his attorney the date of service of summons and complaint, and it further appeared that he had no meritorious defense, defendant cannot have the judgment vacated on motion thereafter filed, having in the meantime allowed another to secure judgment against him which would take priority, for such delay showed want of diligence.

Before PEURIFOY, J., Barnwell, October, 1920. Affirmed.

Ex parte motion by E. F. Sease to set aside judgment rendered in favor of Southern Cotton Oil Co. and permit him to answer. From order refusing said motion defendant Sease appeals.

The following is the order of Judge Peurifoy:

This matter comes before me on a motion noticed to be heard before Judge H. F. Rice, but, owing to his absence at the date of the return, was, by consent, heard on said original papers.

The motion is made by the defendant, Emmett F. Sease, to set aside the judgment recovered against him by the plaintiff, the Southern Cotton Oil Company, and with leave to answer, upon the ground that said judgment "was obtained through this defendant's mistake, inadvertence, and surprise." After hearing V. S. Owens, Esq., for the motion, and H. L. O'Bannon, Esq., and Chas. Carroll Simms, Esq., attorneys for the plaintiff, contra, I am of the opinion that the defendant is not entitled to the relief asked for.

In the first place he has not established in the hearing to my satisfaction that he has exercised due diligence in making his said motion to open the said judgment; after he had negligently permitted the same to be recovered by default by erroneously stating to his attorney the date of the service upon him of the summons and complaint, in the face of his attorney's demand that the true date be given him, so that no mistake might be made, and that the answer might be filed in proper time; and, after judgment was recovered, permitting several Courts to pass without making said motion, and permitting a judgment subsequent to plaintiff's to be recovered against him, which, if this judgment should be opened, would thereby obtain priority; permitting the plaintiff to file his creditor's bill to set aside certain alleged preferences to other creditors, and to subject his property to the payment of plaintiff's judgment, and only making said motion many months after the original judgment was recovered, and when plaintiff's subsequent creditor's bill was filed; referred to the master, and two references adjourned, and thereby permitting the status of his affairs to be so changed that the opening of this judgment at this time would be an injustice to the plaintiff. I am further impressed with the fact that the defendant admitted his liability to the plaintiff, prior to the recovery of its judgment, and promised to pay the indebtedness, and indicating no defense of the character now sought to be set up by him;

and such defenses now appear to be an afterthought, and I do not regard said defenses now sought to be interposed as meritorious. Throughout the entire case, no explanation of his neglect has been satisfactorily offered, and the said motion be, and hereby is, refused, both as to the opening up of the judgment and the leave to answer.

*Mr. V. S. Owens,* for appellant, cites: *Court had authority to reopen judgment*: Code Civ. Proc. 1912, Sec. 225, *Hagood judgment, taken at same term, was of equal rank with respondents*: Code Civ. Proc. 1912, Sec. 348. *Counterclaim proper in action for fertilizer*: 97 S. C. 349, 97 S. C. 389. *Likewise defense of fraud*: 97 S. C. 389; 97 S. C. 395.

*Messrs. H. L. O'Bannon and Chas. Carroll Simms,* for respondent, cite: *Appellant did not use proper diligence*: 51 S. C. 170; 97 S. C. 74: *Refusal of motion within discretion of Judge*: 105 S. C. 418. *Defense could not have availed him anything as there was no guarantee as to results*: 111 S. C. 469. *As to deficiency of analysis*: Secs. 2322-27, 1 Civ. Code 1912.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons assigned by his Honor, the Circuit Judge, the appeal from the order herein is dismissed.